IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KRISTIN ANN TKACH PELGRIM,**<br><br>**Appellant,**<br><br>v.<br><br>**CHARLES GOLDSTEIN,** *et al.*,<br><br>**Appellees.** | Civil No. 1:24-cv-01958-JRR<br><br>Bankruptcy Case No. 23-12670 |

## MEMORANDUM OPINION AND ORDER

Appellant Kristin Ann Tkach Pelgrim is a debtor in a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the District of Maryland (Bankr. Case No. 23-12670). On July 8, 2024, Appellant filed an appeal from an order of the Bankruptcy Court. (ECF No. 1; the "Appeal.")

Federal Rule of Bankruptcy Procedure 8009(a)(1) provides that an appellant in a bankruptcy case "must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." FED. R. BANKR. P. 8009(a)(1)(A). It further provides: "[t]he appellant must file and serve the designation and statement within 14 days after: (i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or (ii) an order granting leave to appeal is entered." FED. R. BANKR. P. 8009(a)(1)(B). The court may, upon motion of the appellee or upon its own initiative, "dismiss the appeal for non-compliance with Bankruptcy Rule 8009 after giving the appellant an opportunity to explain the non-compliance and upon considering whether the non-compliance had prejudicial effect on the other parties." Local Rule 404.2 (D. Md. 2023). Relatedly, Federal Rule of Bankruptcy Procedure 8018 requires an appellant to "serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." FED.

R. BANKR. P. 8018(a)(1). The Local Rules of this court similarly provide that the court may, "upon motion . . . or upon its own initiative, dismiss the appeal after giving the appellant an opportunity to explain the non-compliance and upon considering whether the noncompliance had prejudicial effect on the other parties." Local Rule 404.3 (D. Md. 2023).

The Notice of Appeal in this case was filed on July 8, 2024. (ECF No. 1.) Accordingly, Appellant was required to file a designation of the record and statement by July 22, 2024. Appellant did not file a designation and statement. On July 24, 2024, the court issued a show cause order, notifying Appellant of the deficiencies (failure to designate the record and file a statement of the issues). (ECF No. 5.) The court informed Appellant that she had 21 days to show cause why the Appeal should not be dismissed. *Id.* Appellant then filed a designation, without a statement of the issues, on August 5, 2024. (ECF No. 6.) The deadline for Appellant to file an appeal brief was then September 4, 2024. FED. R. BANKR. P. 8018(a)(1). On October 3, 2024, the court issued another show cause order, again notifying Appellant of the deficiency, and ordering her to show cause within 21 days why her Appeal should not be dismissed. (ECF No. 12.) In response thereto, Appellant filed a petition seeking an extension of time to file her brief, citing to Bankruptcy Judge Alquist's recusal in her Bankruptcy Case, and noting that she was "unsure of what specific issues to appeal at this time." (ECF No. 13.) Appellant's petition failed to show good cause, and for the reasons set forth in its order at ECF No. 14, the court denied Appellant's petition and ordered her to file her appeal brief on or before November 21, 2024. (ECF No. 14.) The court again warned that failure to comply with the court's order would result in dismissal without further notice. *Id.* To date, Appellant has still failed to file her brief, despite her having, in total, more than 90 days to do so.

In *Cofield v. Williams*, this court succinctly explained:

> A district court may, *sua sponte*, dismiss an appeal from an order of a bankruptcy court based on the appellant's non-compliance with a procedural requirement of the Bankruptcy Rules, but only after deliberate consideration of the factors identified in the case of *In re Serra Builders*, 970 F.2d 1309 (4th Cir. 1992). There, the Fourth Circuit said, *id.* at 1311:
>
>> [T]he district court must take at least one of the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.
>
> But, "taking just one of the four steps is not sufficient . . . ." *Reid v. Cohen*, PWG-19-752, 2020 WL 886181, at *3 (D. Md. Feb. 4, 2020) (citing *In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997)). Indeed, "giving the appellant notice and an opportunity to explain the delay, does not by itself suffice to dismiss an appeal." *In re Weiss*, 111 F.3d at 1173. Rather, the Fourth Circuit explained in *In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995):
>
>> [A] proper application of [this] test will normally require a district court to consider and balance all relevant factors, including the good faith of the appellant (see step one) and possible prejudice to other parties (see step three). Finally, throughout the process, a district court should bear in mind that although dismissal is an option, less drastic alternatives must be considered.
>
> The case of *In re Serra Builders*, 970 F.2d 1309, arose in the context of a dismissal for appellant's failure to file a timely appellate brief. Nonetheless, judges of this Court have used a similar analysis to determine whether an appellant's failure to file a designation of the record on appeal warrants dismissal of a bankruptcy appeal. *See, e.g., Reid*, 2020 WL 886181, at **2-3 (D. Md. Feb. 24, 2020); *Bird v. Specialized Loan Servicing, LLC*, RDB-16-3743, 2017 WL 1001257, at *5 (D. Md. Mar. 15, 2017); *Slavinsky v. Educ. Credit Mgmt. Corp.*, 362 B.R. 677, 678-79 (D. Md. 2007).

No. CV ELH-21-1070, 2022 WL 195492, at *6 (D. Md. Jan. 21, 2022). Here, all four factors weigh in favor of dismissal.

With respect to the first factor, the court may consider an appellant's "overall behavior . . . throughout the procedure," including "failure to explain satisfactorily her non-filing of a brief after the district court gave her an opportunity to do so." *In re Weiss,* 111 F.3d 1159, 1173 (4th Cir. 1997). While the court appreciates the challenges that a *pro se* appellant may face, Appellant's repeated failures to comply with the procedural requirements of her Appeal, the Local Rules of this court, and court orders evinces bad faith or negligence on Appellant's part. *See In re Weiss,* 111 F.3d 1159, 1173 (4th Cir. 1997) ("Bad faith [is] inferable from the overall behavior of the [appellants] throughout the procedure."); *In re Grice*, No. 13-50689, 2015 WL 11112155, at *2 (E.D. Va. Nov. 12, 2015), *aff'd*, 654 F. App'x 589 (4th Cir. 2016) ("First, the court finds that Appellant's continued failure to act, despite the warnings and deadline extensions provided by the court, evidences either bad faith or negligence."); *Reid v. Cohen*, No. PWG-19-752, 2020 WL 886181, at *3 (D. Md. Feb. 24, 2020) (finding bad faith where the appellants "have not met multiple procedural deadlines for this appeal, which leads me to believe that this appeal is also an effort to delay the inevitable"). In addition, Appellant is well-versed in appealing orders from the Bankruptcy Court; her litigation history in Bankruptcy Court makes clear that she is, or should be, aware of the procedural requirements applicable to her proceeding. *See Cofield*, 2022 WL 195492, at *7 (considering the appellant's extensive litigation history in Bankruptcy Court to highlight that appellant either was or should have been aware of the procedural requirements of bankruptcy proceedings). While Appellant eventually designated the items to be included after the court's show cause order, she has persisted in failing to provide either a statement of the issues presented as required by Bankruptcy Rule 8009(a)(1)(A) or an appeal brief as required by Bankruptcy Rule 8018(a)(1). Accordingly, this factor weighs in favor of dismissal.

As to the second *Serra Builders* factor, the court issued a show cause order and gave Appellant ample notice and opportunity to file her statement of the issues and her appeal brief. As stated above, Appellant failed to address her rule noncompliance and still has not filed a statement in accordance with Bankruptcy Rule 8009(a)(1)(A) or an appeal brief in accordance with Bankruptcy Rule 8018(a)(1). Moreover, Appellant has not provided a compelling reason for the delay. *See Reid*, 2020 WL 886181, at *3, *supra*. This factor weighs in favor of dismissal.

In regard to the third factor of possible prejudicial effect on other parties, this Appeal has been pending for over four months with little to no progression. (Appellant's failure to comply with the rules here reprises Appellant's myriad appeals that have been dismissed for failure to comply with the Federal Rules of Bankruptcy Procedure. *See, e.g.*, Case Nos. 1:24-cv-00244-JRR; 1:23-cv-02741-JRR; 1:24-cv-00243-JRR; 1:24-cv-01655-JRR.) Only after the court issued a show cause order did Appellant take any action whatsoever, and the action she took was still deficient. Appellant's "failure to prosecute [her] appeal burdens this Court's docket and is prejudicial to the prompt administration of justice." *Strickland-Lucas v. Herr*, 600 F. Supp. 3d 585, 589 (D. Md. 2022). In addition, excessive delays impair Bankruptcy Trustees' disposition of estate assets. *Andresen v. Rosen,* No. PJM-05-3164, 2006 WL 4550187, at *3 (D. Md. Sept. 26, 2006); *see Brandeen v. Liebmann*, No. BR 15-24248-JS, 2017 WL 1398266, at *2 (D. Md. Apr. 19, 2017) (same). "The Bankruptcy Code sets deadlines for a reason." *Bell v. Dyck O'Neal, Inc.*, No. CV JKB-22-849, 2023 WL 2187643, at *6 (D. Md. Feb. 23, 2023). "While the Court aspires to secure the 'just, speedy, and inexpensive determination of every case,' . . . '[t]he shorter time period for bankruptcy appeals reflects the frequent need for *greater expedition* in the resolution of bankruptcy appeals." *Id.* (emphasis in original) (first quoting FED. R. BANKR. P. 1001; next

5

quoting FED. R. BANKR. P. 8018 advisory comm.'s note to 2014 amendment). Therefore, this factor weighs in favor of dismissal.

In view of Appellant's delay and failure to comply with the court's show cause orders, "a less severe sanction, such as additional correspondence or further extension of the deadline for filing a brief, would be insufficient." *Brandeen v. Liebmann*, No. BR 15-24248-JS, 2017 WL 1398266, at *2 (D. Md. Apr. 19, 2017); *see Cofield*, 2022 WL 195492, at *7 ("[W]ith respect to the impact of dismissal, I am persuaded that no available alternative remedy is appropriate in this case, where Appellants consistently disregarded procedural rules without providing reasonable excuse or explanation.") (citations omitted); *Kelly v. McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.*, No. GJH-21-1184, 2022 WL 861395, at *4 (D. Md. Mar. 23, 2022), *aff'd sub nom.*, No. 22-1378, 2023 WL 5524036 (4th Cir. Aug. 28, 2023) ("[G]iven that Appellants have wholly failed to designate the record (or file an appeal brief) as required under the Federal Rules of Bankruptcy Procedure, this Court is persuaded that a less severe sanction would be futile here, where Appellants consistently disregarded procedural rules without providing reasonable excuse or explanation.") (citations omitted)).

The court recognizes that dismissal is severe and has considered alternative avenues to avoid such a severe result if reasonably practicable. Considering all the *Serra Builders* factors, including, notably, the many chances Appellant was given to comply with applicable rules described above, dismissal is proper. *See Kelly*, 2022 WL 861395, at *4 ("Although the Court is mindful that a dismissal is a 'harsh sanction which the district court must not impose lightly,' *In re Serra Builders, Inc.*, 970 F.2d at 1311, it is, nonetheless, appropriate in this case where Appellants' 'overall objective appears largely to defer rather than reach meaningful resolution on

the merits.'") (quoting *Myers v. McNamee, Hosea, Jernigan, Kim, Greenan, & Lynch, P.A.*, No. 8:18-CV-03460-PX, 2020 WL 758151, at *3 (D. Md. Feb. 14, 2020)).

Accordingly, it is this 26th day of November 2024,

**ORDERED** that the Appeal shall be, and is hereby, **DISMISSED**; and further it is

**ORDERED** that Madam Clerk shall **CLOSE** this case.

Madam Clerk shall transmit a copy of this order and the accompanying memorandum opinion to Appellant and counsel of record.

/s/_____
Julie R. Rubin
United States District Judge